Randal J. French
Jared C. Hoskins
BAUER & FRENCH
1501 Tyrell Lane
Post Office Box 2730
Boise, Idaho 83701-2730
Telephone (208) 383-0090
Facsimile 383-0412
E-Mail rfrench@bauerandfrench.com
  ISB Nos.3032/7953

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | |
| ) | Bkr. Case No. 09-01921-JDP |
| URWIN, GLORIA, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

## BRIEF IN SUPPORT OF MOTION FOR AWARD OF DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY AGAINST KRISTIN R. THOMPSON & KRT, LLC, dba THOMPSON LAW FIRM

COMES NOW the Debtor, Gloria Urwin, by and through her counsel of record, Randal J. French, of the firm of Bauer & French, and hereby submits her Brief in Support of Motion for Award of Damages for Violation of the Automatic Stay Against Kristin R. Thompson & KRT, LLC, dba Thompson Law Firm. Debtor moves this Court for an order awarding her actual damages and punitive damages against Kristin R. Thompson and KRT, LLC dba Thompson Law Firm (hereinafter, "Thompson"), jointly and severally, for her continuing violation of 11 U.S.C. Section 362 (a)(1), (5), and/or (6).

### I. Facts

Debtor filed a chapter 7 bankruptcy petition on July 1, 2009. On or about October 23, 2009, Debtor filed a Motion for Award of Damages for Violation of the Automatic Stay. After an evidentiary hearing, this Court entered its Memorandum of Decision on or about February 2,

2010.  In its Memorandum, the Court found that Thompson willfully violated the automatic stay, for failing to satisfy her affirmative duty to undo and/or halt her post-petition collection attempts, and awarded $2,100 in damages to the Debtor.  Thompson provided a check in the amount of $2,100 to Debtor's counsel on or about February 24, 2010.

In a separate bankruptcy case, that of Debtor's husband, Micheal Urwin (Bkr. Case No. 07-01104-TLM), (hereinafter, "Micheal"), Micheal filed a Motion for Sanctions for Violation of the Discharge Injunction which was heard by the Court on or about December 15, 2009.  In that case, too, the Court awarded damages to Micheal in the amount of $2,300 for Thompson's attempt to collect post-petition attorney fees.  See Exhibit A attached hereto.  As of yet, Thompson has not paid any amount to satisfy that award of damages.

Instead, in a letter dated February 2, 2010, Thompson asked Judge Wetherall to reduce the amount of a judgment entered against Micheal by the amount of sanctions awarded against her in the above-referenced bankruptcy case.  See Exhibit B attached hereto.  With that letter, Thompson attached a proposed Order, which was ultimately entered by Judge Wetherall, for Modification of Judgment which modified the original judgment to reflect "a deduction of . . . $2,300 for a set aside for sanctions against the Plaintiff for violation of the bankruptcy's automatic stay."  See ¶1 of Exhibit C attached hereto.

In a letter dated February 12, 2010, Debtor's counsel warned Thompson of the improvidence of setting off the award of sanctions against the amount of a claim against a debtor and asked her to remedy her violation.  See Exhibit D attached hereto.  However, in a letter dated February 24, 2010, Thompson acknowledged the set-off, yet insisted that her actions in no way constituted "improper debt collection."  See Exhibit E attached hereto.

Yet again, in an email dated May 21, 2010, Debtor's counsel alerted Thompson to her continued violation of the automatic stay.  Specifically, Debtor's counsel informed her that, without obtaining bankruptcy court approval, asking the state court to reduce the judgment amount by the amount of sanctions awarded constituted violation of 11 U.S.C.§ 362(a).  Furthermore, Debtor's counsel, once again, urged Thompson to remedy the violation in order to

BRIEF IN SUPPORT OF MOTION FOR AWARD OF DAMAGES
FOR VIOLATION OF THE AUTOMATIC STAY, p. 2
Brief in Support of Mtn for 362 Violation of Auto Stay 2.wpd\nrg\060310

avoid yet a second motion for award of damages for violation of the automatic stay in the Debtor's bankruptcy case. See Exhibit F attached hereto. Still, Thompson has yet to remedy her violation of the automatic stay. As such, Thompson willfully violated the stay of 11 U.S.C. § 362 by setting off a pre-petition community debt with a post-petition community award of sanctions imposed upon her and also by failing to take affirmative actions to undo her violation.

## II. Discussion

In the context of automatic stay violations, a debtor may recover damages from a creditor if the stay violation was willful. *Sternberg v. Johnston*, 582 F.3d 1114, 1116 (9th Cir. 2009); *In re Dayley*, 06.1 I.B.C.R. 3, 4 (Bankr. D. Idaho 2006). Pursuant to 11 U.S.C. § 362(k), "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k); *In re Dawson*, 390 F.3d 1139, 1146-1151 (9th Cir.2004), *cert. denied,* --- U.S. ----, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005) (allowing emotional distress damages under § 362). Furthermore, Section 362(a) imposes an affirmative duty on creditors to discontinue their stay violations once they become aware of them. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191-92 (9th Cir. 2003).

A violation of the automatic stay is willful if a party knows of the bankruptcy filing and engages in any action prohibited in §362(a), essentially any act against the debtor or property of the debtor or of the estate, and does so intentionally. *Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 227 (9th Cir.1989). See also *Ozenne v. Bendon (In re Ozenne)*, 337 B.R. 214, 220 (9th Cir. BAP 2006); *In re Wiersma*, 03.1 I.B.C.R. 42, 44 (Bankr. D. Idaho 2003). Furthermore, "knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay under § 362." *Havelock v. Taxel (In re Pace),* 159 B.R. 890, 901 (9th Cir. BAP 1993), *vacated in part on other grounds, In re Pace,* 56 F.3d 1170 (9th Cir.1995). Lastly, a specific subjective intent to violate the stay is not required. *Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir.1992) (citation omitted). For all but a very unique set of circumstances, see §362(k)(2), §362(h), there is no good faith defense to a stay violation. *Bloom,* 875 F.2d at 227; *Pace,* 159 B.R. at 901. "Not even a 'good faith' mistake of law or a 'legitimate dispute' as to

legal rights relieve a willful violator of the consequences of his act." *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995).

Here, Thompson's actions in violation of the automatic stay were willful, in that she was well aware of the automatic stay and intended her actions which constitute the violation. First, the automatic stay was clearly in effect at the time Thompson took the prohibited actions described herein. Debtor's petition was filed on July 1, 2009 and no discharge has yet been entered, nor has the case otherwise been closed, converted, or dismissed. §362(c)(2). Furthermore, Thompson never received relief from the automatic stay to engage in the actions described herein or otherwise.

Second, Thompson's actions are prohibited by sections 362(a)(1), (5) and/or (6) and therefore constitute violation of the automatic stay. Thompson continued an action to recover a pre-petition claim against the debtor, violating §362(a)(1). Thomspon has created and then enforced against property of the debtor a pre-petition claim, violating §362(a)(5). Thomspon has acted to collect and or recover a pre-petition claim against the debtor, violating §362(a)(6). Each violation supports an award of compensatory damages.

In this case, Debtor has an interest in the award of sanctions in Micheal's bankruptcy as that award is community property. Furthermore, the debt for which Thompson obtained a judgment and ultimately set-off with the sanctions award is a claim in Debtor's current bankruptcy estate. As such, Thompson's set-off falls into any of the aforementioned prohibited activities. For example, the set-off constitutes a "continuation" of the law suit originally filed against Debtor and her husband, Micheal, in that she sought a court order allowing her to apply the award of sanctions toward the balance sought through the original state court litigation. Also, just as with regard to section 362(a)(1), Thompson's set-off constitutes an act to collect, assess, and/or recover a claim against the debtor, in that she literally did collect, assess, and or recover $2,300 of Debtor's community property by applying it toward the balance sought in the state court litigation.

Next, Thompson was very much aware of the bankruptcy filing and the corresponding automatic stay at the time she set-off the award of sanctions. In terms of the bankruptcy filing in

BRIEF IN SUPPORT OF MOTION FOR AWARD OF DAMAGES
FOR VIOLATION OF THE AUTOMATIC STAY, p. 4
Brief in Support of Mtn for 362 Violation of Auto Stay 2.wpd\nrg\060310

general, Thompson has been to several hearings in the matter and also filed an adversary complaint, not to mention the myriad correspondence in the case. As such, there is absolutely no doubt that she had actual knowledge of the bankruptcy filing.

What is more, Thompson had actual knowledge of the automatic stay. Not only can her knowledge of the bankruptcy filing be equated to knowledge of the automatic stay, but her direct participation in briefing and arguing of stay violations in the very same bankruptcy case are evidence of that actual knowledge. If her direct participation in stay violation matters somehow did not sufficiently alert her to the existence, reality, and gravity of the automatic stay, then the imposition of $2,100 in sanctions for its violation in this case in February of this year certainly must have.

Moreover, as discussed above, Debtor's counsel has since warned her in multiple instances that her set-off constitutes a violation of the automatic stay and urged her to undo her violations. See Exhibits E and F attached hereto. Yet, Thompson has refused to do so. As such, Thompson willfully violated the stay of 11 U.S.C. § 362 by setting off a pre-petition community debt with a post-petition community award of sanctions imposed upon her and also by failing to take affirmative actions to undo her violation.

Once it is determined that a willful violation of the automatic stay has occurred, an award of actual damages is mandatory. *In re Wiersma*, 03.1 I.B.C.R. at 44. Here, the Debtor has actual damages in, among many things, the $2,300 award which she has refused to pay, plus $430 for attorney fees incurred in researching Thompson's defense of set-off, and attempting to remedy the stay violation without litigation. Finally, Debtor has incurred $1,130 for attorney fees for drafting the motion and memorandum to remedy this violation. These total $3,860.

Lastly, given her blatant, conscious, and repetitive disregard of the automatic stay, even after written reminders, punitive damages against Thompson would be appropriate in this case. In Debtor's first motion for award of damages for violation of the automatic stay, the Court declined to award punitive damages. Yet, the Court noted:

> While Thompson is an attorney and presumably she should appreciate her duty to properly react to a bankruptcy filing by Debtor, the Court declines the opportunity to impose punitive damages in this case. While Thompson's actions are regrettable, based

upon her post-hearing actions to set aside the judgment and release the liens, the Court is inclined to believe she now understands the scope and impact of the automatic stay such that she will more pro-actively respond to her future encounters with debtors in bankruptcy cases.

See Exhibit G attached hereto. Thompson has not heeded this warning of the Bankruptcy Court. She has neither complied with the demands of Debtor's counsel nor heeded his warnings. Instead, after litigating and losing a prior stay violation motion, Thompson insists that she done nothing wrong or in violation of the Bankruptcy Code and, what is more, that she intends to continue to attempt to collect her pre-petition claim. Not only has Thompson failed to appreciate the "the scope and impact of the automatic stay such that she will more pro-actively respond to her future encounters with debtors in bankruptcy cases," but she has shown blatant disrespect and disregard toward the bankruptcy code, bankruptcy attorneys, and the Bankruptcy Court by refusing to honor the automatic stay. As such, punitive damages are duly merited in this case. Urwin requests an award of punitive damages equal to the damages she seeks, $3,860.

WHEREFORE, Debtor requests that this Court enter an order awarding her damages for Thompson's violation of 11 U.S.C. §362. The Debtor requests that this Court enter an award of compensatory damages in the amount of $3,860 for the amount Thompson owes from the previous Court Order, plus the attorney fees incurred in attempting to avoid having to litigate this matter. The Debtor also requests that this Court award punitive damages pursuant to §362 in the amount if $3,860. to deter this kind of conduct from recurring in the future, and any other relief that this Court deems proper.

RESPECTFULLY SUBMITTED this __3__ day of June, 2010.

BAUER & FRENCH

/s/
Randal J. French, of the firm, Attorney for Debtor

BRIEF IN SUPPORT OF MOTION FOR AWARD OF DAMAGES
FOR VIOLATION OF THE AUTOMATIC STAY, p. 6
Brief in Support of Mtn for 362 Violation of Auto Stay 2.wpd\nrg\060310

## CERTIFICATION OF SERVICE

I hereby certify that on the __3__ day of June, 2010, a true and correct copy of the foregoing was served upon:

Office of the U.S. Trustee
Washington Group Central Plaza
720 Park Blvd., Ste. 220
Boise, ID 83712-7764

☐ First Class Mail
☐ Hand Delivery
☒ Electronic Notice
☐ Facsimile

Jeremy Gugino, Chapter 7 Trustee
111 Broadway Ave Ste 101
PMB 222
Boise, ID 83702

☐ First Class Mail
☐ Hand Delivery
☒ Electronic Notice
☐ Facsimile

Kristen R. Thompson
Thompson Law Firm
78 SW Fifth Ave., Suite 2
Meridian, ID 83642-2923

☐ First Class Mail
☐ Hand Delivery
☒ Electronic Notice
☐ Facsimile

/s/ _____
Randal J. French

BRIEF IN SUPPORT OF MOTION FOR AWARD OF DAMAGES
FOR VIOLATION OF THE AUTOMATIC STAY, p. 7
Brief in Support of Mtn for 362 Violation of Auto Stay 2.wpd\nrg\060310

**<u>Exhibit "A"</u>**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>URWIN, MICHEAL,<br><br>      Debtor. | Bkr. Case No. 07-01104-TLM<br>Chapter 7 |

### ORDER ON DEBTOR'S MOTION SEEKING CONTEMPT CITATION FOR VIOLATION OF THE DISCHARGE INJUNCTION, DOCKET NO. 52

The Debtor's Motion Seeking Contempt Citation for Violation of the Discharge Injunction having come on for hearing on December 15, 2009 and continued on December 18, 2010; the Debtor having appeared by and through his counsel of record, Randal J. French and Jared C. Hoskins of the firm of Bauer & French; Kristen R. Thompson and Thompson Law Firm having appeared by and through their counsel of record, Kristen R. Thompson of Thompson Law Firm; the Court having entered its Memorandum of Decision, Docket No. 80, and being duly advised in the premises and finding good cause therefore;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Debtor's request for contempt sanctions is granted in part and denied in part. Thompson shall fully comply with the discharge injunction, including but not limited to, taking all steps necessary to correct the state court order and judgment to eliminate as a liability of this Debtor, the prepetition debt due to Thompson, in the amount of $10,924.38, plus interest accrued on that amount from July 16, 2007. Sanctions are imposed against Thompson in the amount of $2,300 to compensate Debtor.

IT IS SO ORDERED.  //end of text//

DATED:  January 26, 2010

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Order Submitted by:  Randal J. French, Attorney for Debtor

**Exhibit "B"**

09-6078-JDP

# THOMPSON LAW FIRM

ATTORNEYS AND COUNSELORS AT LAW

78 SW Fifth Avenue, Suite 2

Meridian, Idaho 83642-2923

Telephone: (208) 888-7278
Facsimile: (208) 888-7296
E-mail: TLFoffice@aol.com

**U.S. COURTS**

**FEB 0 3 2010**

Rcvd ___ Filed ___ Time _Mail_

**ELIZABETH A. SMITH**
**CLERK, DISTRICT OF IDAHO**

February 2, 2010

Judge Michael E. Wetherell
Ada County Courthouse
200 W. Front Street
Boise, ID 83702-7300

    Re:    Thompson Law Firm v. Michael Urwin, et al
            Case CV OC 0900929

Dear Judge Wetherell:

    I have received an order from the Honorable Judge Terry L. Myers indicating that I was required to contact your court and modify a judgment granted against Michael Urwin in his personal capacity. In essence, Judge Myers has confirmed your ruling regarding the debt owed to me by Mr. Urwin with a modification in the amount. I enclose a copy of the Memorandum of Decision as a reference for you.

    In summary, Mr. Urwin sued me in bankruptcy court for violation of the automatic stay on his bankruptcy. I calculated the amounts due and owing to me as post bankruptcy amounts since our accounting practices require us to make bills due and owing on the 10th of the preceding month after which the services were rendered. Judge Myers corrected my assumption and determined that by bankruptcy law, services are due and owing at the time rendered. Therefore, my calculation as to the amount of post bankruptcy filing services that Mr. Urwin owed to me was greater than that which was ordered by the court. In a Motion for Modification of Judgment I am requesting that you reduce the judgment against Mr. Urwin personally in the amount of $10,924.38. Also, because of the accounting discrepancy, Judge Myers found me to be in contempt of the stay and ordered that I pay $2,300.00 in sanctions to Mr. Urwin for his having to bring the action. I included a set aside of that amount leaving the amount due and owing to me by Mr. Urwin, consistent with your finding at summary judgment the amount of $72,367.10 plus interest.



Judge Michael E. Wetherell
Page 2
February 2, 2010


I would appreciate it if you would review the enclosed Motion and Proposed Order. If they meet with your approval, enter the modified amount due and owing as a recorded judgment. All other judgments as to Mr. Urwin's corporation and Mrs. Urwin's corporation remain the same. As you may know, Mrs. Urwin has also conveniently filed for bankruptcy contemporaneously with your order. I moved and the court ordered a set aside of the judgment against Mrs. Urwin on December 7, 2009, as required by the bankruptcy stay. This action was without prejudice from the Order and Judgment of this court pending the adversarial action I filed against Mrs. Urwin in bankruptcy court.

Thank you for your review of this matter.

Sincerely,

Kristen R. Thompson

KRT/rlj

Enclosures

cc:    Judge Terry L. Myers
       Randal J. French
       Michael & Gloria Urwin

**Exhibit "C"**

HO._____ _____
A M._____  ·     _____

**U.S. COURTS**

**FEB 0 5 2010**

FEB 0 3 2010

Rcvd____/Filed_____Time *mail*
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

J. DAVID NAVARRO, Clerk
By DIANE M. OATMAN
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

|  |  |  |
|---|---|---|
| THOMPSON LAW FIRM, | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. CV OC 0900929 |
|  | ) | |
| vs. | ) | ORDER FOR MODIFICATION |
|  | ) | OF JUDGMENT |
| MICHAEL URWIN and GLORIA URWIN, | ) | |
| husband and wife, MIKE URWIN | ) | |
| ENTERPRISES, INC., MIKE URWIN | ) | |
| HOMES, and GLORIA URWIN'S REAL | ) | |
| ESTATE, INC., | ) | |
|  | ) | |
| Defendants, | ) | |
|  | ) | |

THIS COURT, having reviewed the Motion for Modification of Judgment and the
Memorandum of Decision of the Honorable Terry L. Myers in US Bankruptcy Court, DOES
HEREBY modify its original judgment as follows:

1. Judgment now in the amount of $72,367.10 plus interest at the rate of 5.625% per annum
   until paid in full is entered against Defendant Michael Urwin in this matter. This reflects
   a deduction of $10,924.38 from the original Judgment as pre bankruptcy filing debt and
   $2,300.00 for a set aside of sanctions against the Plaintiff for violation of the
   bankruptcy's automatic stay.

ORDER FOR MODIFICATION OF JUDGMENT – Page 1

2.  As to the remaining Defendants in this action, Michael Urwin Enterprises, Inc., Mike Urwin Homes, and Gloria Urwin's Real Estate, Inc. no modification of the judgment is entered.

3.  The Order and Judgment of July 13, 2009 against Defendant Gloria Urwin has been set aside and consistent with I.R.C.P. 60(b)(6) Defendant Gloria Urwin has been relieved of the final Order and Judgment of this Court without prejudice as the result of her filing personal bankruptcy contemporaneously with this Court's order.

Dated this 3rd day of February 2010.

MIKE WETHERELL
_____
Michael E. Wetherell, District Judge

ORDER FOR MODIFICATION OF JUDGMENT – Page 2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 3rd day of February 2010, I caused to be served

a true and correct copy of the foregoing document, by the method indicated below, and

addressed to the following:

Judge Terry L. Myers                    ___ U.S. Mail, postage prepaid
Bankruptcy Court                        ___ Hand Delivery
550 W. Fort Street                      ___ Overnight Delivery
Room 400                                ___ Facsimile Transmission
Boise, Idaho 83724
208-334-1334 fax

Kristen R. Thompson                     ___ U.S. Mail, postage prepaid
Thompson Law Firm                       ___ Hand Delivery
78 SW Fifth Avenue                      ___ Overnight Delivery
Suite 2                                 ___ Facsimile Transmission
Meridian, Idaho 83642
208-888-7296 fax

Randal J. French                        ___ U.S. Mail, postage prepaid
Jared C. Hoskins                        ___ Hand Delivery
BAUER & FRENCH                          ___ Overnight Delivery
PO Box 2730                             ___ Facsimile Transmission
Boise, Idaho 83701-230
208-383-0412 facsimile

Mike & Gloria Urwin                     ___ U.S. Mail, postage prepaid
Mike Urwin Enterprises, Inc.            ___ Hand Delivery
Mike Urwin Homes                        ___ Overnight Delivery
Gloria Urwin Real Estate, Inc.          ___ Facsimile Transmission
PO Box 186
Kuna, Idaho 83634

DIANE M. OATMAN
Clerk of the Court

ORDER FOR MODIFICATION OF JUDGMENT – Page 3

**Exhibit "D"**

February 12, 2010

*Randal J. French*
*rfrench@bauerandfrench.com*

Kristen R. Thompson
THOMPSON LAW FIRM
78 SW 5th Ave Ste 2
Meridian, ID  83642-2923

RE:    Thompson Law Firm v. Michael Urwin In re Gloria Urwin

Dear Ms Thompson:

Thank you for your letter dated February 2, 2010.  I am sure that you will be disappointed to know that courts generally do not allow a creditor to violate the stay, or the discharge injunction, suffer an award of sanctions, and then simply set that amount off against the amount of the claim that they had against the bankruptcy debtor.  That violates public policy. With all due respect to your sincere desire to make amends, reducing the amount that you will not be able to collect from Mr. Urwin by the amount of sanctions awarded to Mr. Urwin is not acceptable.

Please remit a check payable to my trust account in the amount of $2,300, payable to my trust account, within fifteen (15) days.  If you fail to do so, either I will have the U.S. District Court issue a Writ of Execution, and garnish personal or business accounts, or we will return to the bankruptcy court to discuss your attempt to evade the sanctions which the bankruptcy court ordered.  Likewise, please remit a check for $2,100 payable to my trust account, to satisfy Judge Pappas' order concerning Gloria Urwin.  Alternatively, I could record both judgments in the real estate records and then have sheriff sales of your automobiles, or clean out your bank accounts.

Also, I had previously written to you concerning your "motion to discharge judgment" and "motion to discharge judgment lien", as to Gloria Urwin.  As I had advised you, there is no rule of civil procedures which provide the basis for a motion to "discharge" judgment.  I suspect that taken literally, you have waived any claim to a judgment and therefore have no claim to pursue in your adversary proceeding.

# BAUER & FRENCH

### ATTORNEYS AT LAW

*1501 Tyrell Lane ◆ P.O. Box 2730 ◆ Boise, ID 83701-2730*
*(208) 383-0090 ◆ Fax: (208) 383-0412*

Kristen R. Thompson
THOMPSON LAW FIRM
February 12, 2010
Page 2


As most AV rated attorneys know, Rule 60(b) provides the legal basis to set aside a judgment.  The motion is called a Motion to Set Aside Judgment.  Unless you can point me to a Rule of Civil Procedure that covers a "Motion to Discharge Judgment," or "Motion to Discharge Judgment Lien," I would ask that you file an appropriate motion to correct what would appear to be a sincere but misguided effort to comply with Judge Pappas' previous direction to you.

Thank you very much.

Sincerely,

BAUER & FRENCH

Randal J. French

RJF/nlp
cc Client

**Exhibit "E"**



**THOMPSON LAW FIRM**
ATTORNEYS AND COUNSELORS AT LAW
78 SW Fifth Avenue, Suite 2
Meridian, Idaho 83642-2923

Telephone: (208) 888-7278
Facsimile: (208) 888-7296
E-mail: TLFoffice@aol.com

February 24, 2010

Randal J. French
Bauer & French
PO Box 2730
Boise, ID 83701

Re:    Thompson Law Firm v. Michael Urwin In re Gloria Urwin
        Your correspondence of February 12, 2010

Dear Mr. French:

        I am in receipt of your letter of February 12, 2010. It was received in my office February
22, 2010. The court in the Fourth Judicial District for Idaho Ada County has accepted a set off
on the sanctions imposed by Judge Myers. The issue as decided by Judge Myers is more
straight-forward then you presented in the first paragraph of your letter. Judge Myers reaffirmed
that Michael Urwin in his personal capacity owes my law firm $72,367.10. At page 17 of the
Memorandum of Decision Judge Myers simply subtracted $10,924.38 from the amount that had
been awarded by Judge Wetherell. Thus, the remaining balance is still due and owing. Judge
Wetherell has signed the order with the set aside reaffirming the judgment against your client.
This is not complicated, has nothing to do with improper debt collection, nor does it in any way
have any impact on public policy. Simply put, your clients need to make arrangements to pay
their bill. While this may not please your clients, their scheme to secure services without
payment has failed. They are not above the law and owe this money. Judge Myers has
expressed no concern whatsoever to the set aside action nor has Judge Wetherell.

        You indicate that I will not be able to collect my judgment against Michael Urwin.
Given the direction of Judge Myers' order and the now renewed order in District Court, Mr.
Urwin personally owes me $72,367.10 plus interest that is accruing daily. This personal
judgment cannot be discharged in bankruptcy, cannot be schemed away, nor will I allow it to be
written off. The debt is for post bankruptcy charges that Mr. Urwin incurred and incurred
consciously. The monies were awarded by both the Fourth Judicial District Court (twice) and
the Bankruptcy Court. I can assure you that I will take every step necessary and legal to collect
this money from Mr. Urwin, even if it takes me a very long time to do so.

Randal J. French
Bauer & French
Page 2
February 24, 2010

Finally, as regards the $2,100 order of sanctions now ordered by Judge Pappas for your other fine client, Gloria Urwin, you are confused on two issues. First, you have expressed some displeasure as to the format of the Motion to Set Aside Judgment that has been ordered in the Fourth Judicial District Court regarding the judgment that was entered against Mrs. Urwin. This was done specifically without prejudice and can be reinstated. The language of the order is crystal clear. Neither Judge Wetherell nor Judge Pappas appears to have any concerns regarding the motion I filed to set aside the judgment. Judge Wetherell has executed the set aside order and Judge Pappas (at page 15 and page 16 of his Memorandum of Decision) has acknowledged its appropriateness. All three judges involved in these cases (Wetherell, Pappas, and Myers) are in receipt of those decisions and orders. None of the judges appear to have a problem with the set aside of the judgment and the release of liens. Your clients appear to be the only ones who wish to not follow the orders of three separate judges and the review of the Idaho State Bar in these matters.

As regards to the payment of $2,100 to your client Gloria Urwin as ordered by Judge Pappas, you are aware that I have filed an adversarial action against Mrs. Urwin that is currently pending before the court. In this action, I intend to show the court that you and your clients fraudulently secured legal services. As a result of those actions, your clients are liable to me for treble damages. You counselor, are accountable to the Idaho State Bar for your actions. I have prevailed in all actions regarding the validity of the debt and had it affirmed by three courts. I am confident I will prevail in this adversarial action as well. I enclose a check to Mrs. Urwin as ordered, but expect these sums will eventually be recovered.

Sincerely,

Kristen R. Thompson

KRT/rlj

Enclosure

**Exhibit "F"**

## Randal J. French

| | |
|---|---|
| **From:** | "Randal J. French" <rfrench@bauerandfrench.com> |
| **To:** | <Kristenruth2@aol.com> |
| **Sent:** | Friday, May 21, 2010 10:20 AM |
| **Subject:** | Re: Urwin |

Kristen,

Thanks for your email.  I have been considering how all of this fits together.

You were ordered to pay an award of sanctions on Micheal's case, and on Gloria's case.  You paid in Gloria's case, but not in Micheal's.  Insterad, without seeking bankruptcy court approval, you moved the state court to reduce the judgment by the amount of the sanctions award.  In doing so, you violated sec. 362 (a)(7) which makes a set off a violation of the stay.

The court awarded sanctions against you in Micheal's case.  However, because the award against you in Micheal's case was Gloria's community property, your failure to pay that amount, and your action in state court to set off that additional payment, constitutes an additional stay violation in Gloria's case.

I suggest that you set the $700 off against the $2,300 that you still owe and send me a check for the difference.  If you choose not to do so, let me know.  I will get a check from my clients to pay the $700, and I will file a second motion for stay violation against you.

Randy French

Randal J. French
Bauer and French
1501 Tyrell Lane
Boise ID 83706

P.O. Box 2730
Boise, ID 83701-2730

(208) 383-0090
Fax: (208) 383-0412

IMPORTANT NOTICE:  This e-mail message, including attachments, is being sent by an attorney. It is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. It is intended exclusively for the individual or entity to which it is addressed. This communication contains information that is confidential and protected pursuant to the attorney-client or work product privileges. It is legally exempt from disclosure. Any unauthorized review, use, disclosure, dissemination, copying, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender immediately by reply e-mail and destroy all copies.

----- Original Message -----
**From:** Kristenruth2@aol.com
**To:** rfrench@bauerandfrench.com
**Cc:** tlfronna@aol.com
**Sent:** Friday, May 21, 2010 9:17 AM

**Subject:** Urwin

Randy:

I need your client to pay the court ordered $750.00, I assume to your trust account as soon as possible so you can forward it on to me.  It has been two weeks since the Judge entered his order.

Thank you for your kind attention to this matter.

Kris Thompson

Kristen R. Thompson, Esq.
Senior Counsel
Thompson Law Firm
78 SW Fifth Avenue~ Suite 2
Meridian, Idaho 83642

1-208-888-7278
1-208-888-7296 (Fax)

TLFRonna@aol.com

**<u>Exhibit "G"</u>**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

|  |  |
|---|---|
| In Re | |
| **GLORIA BERNAL URWIN,** | **Bankruptcy Case No. 09-01921-JDP** |
| Debtor. | |

## MEMORANDUM OF DECISION

**Appearances:**

Randal J. French, BAUER & FRENCH, Boise, Idaho, Attorney for Debtor.

Kristen R. Thompson, THOMPSON LAW FIRM, Meridian, Idaho, Pro se, and as Attorney for Thompson Law Firm.

### *Introduction*

Chapter 7[1] debtor Gloria Bernal Urwin filed a motion seeking actual

and punitive damages attributable to a willful violation of the automatic

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 1

stay allegedly committed by one of her creditors, Kristen R. Thompson of the Thompson Law Firm ("Thompson"). Docket No. 39. The motion was fully briefed by the parties, an evidentiary hearing was held on December 1, 2009, and the issues were taken under advisement. Docket No. 58. The Court has considered the evidence and record, the arguments of counsel, and the applicable law, and disposes of the motion below.[2]

### Procedural History

On July 1, 2009, Debtor filed a chapter 7 petition. Docket No. 1. The docket reflects that the "Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" notice, commonly referred to as the "341 notice," was mailed by the Bankruptcy Noticing Center to creditors listed in Debtor's schedule on July 4, 2009. Docket No. 11.[3] Debtor listed Thompson's law firm as holding an unsecured, nonpriority claim for $70,000 on her Schedule F.

---

[2] This Memorandum contains the Court's findings, conclusions, and reasons for its disposition of the motion. Rules 7052; 9014.

[3] While the Court can not be sure, due to the Independence Day holiday, the Court will presume the 341 notice was actually mailed the following Monday, July 6, 2009.

MEMORANDUM OF DECISION - 2

Docket No. 14.  In her statement of financial affairs, Debtor listed a

pending lawsuit in Ada County brought by the Thompson firm against

"Gloria Urwin's Real Estate, Mike Urwin Enterprises, Mike Urwin Homes,

Michael & Gloria Urwin" as case number "CV OC 09-00929". *Id*. The

pending action was one to recover sums owed to Thompson and her firm

for attorney services.  Docket No. 53.

   In connection with the state court action, on July 7, 2009, Thompson

sent a letter to Ada County district judge Michael E. Wetherell.  Docket

No. 39, Ex. B.  Apparently, prior to Debtor's bankruptcy filing, Thompson

had filed a motion seeking a summary judgment against Debtor and

others, and a hearing had been held on that motion.  Judge Wetherell had

ruled in Thompson's favor from the bench, but he declined to enter an

order until the parties had an opportunity to settle the case, and to resolve

an issue regarding the status of the legal action in connection with the

bankruptcy case involving Debtor's husband, Michael Urwin.  In her July

7, letter, Thompson requested that Judge Wetherell enter an order

consistent with his oral ruling, or in other words, that the court grant

MEMORANDUM OF DECISION - 3

summary judgment against Debtor.  She provided a draft order to Judge Wetherell with the letter.

That same day, July 7, 2009, Thompson learned of Debtor's bankruptcy filing.  Aff. of Kristen R. Thompson at ¶ 8, Docket No. 54.  In response to this information, Thompson stated that she immediately contacted Judge Wetherell's clerk and advised her of the bankruptcy filing. *Id*. at ¶ 9.  Nevertheless, on July 13, 2009, the judge entered the order and judgment in favor of Thompson and against Debtor and others for $78,288.39, plus fees and costs.  Docket No. 39, Ex. B.

Between July 23 and July 30, 2009, the judgment was apparently recorded in Ada, Canyon, Gem and Valley counties, thereby creating a lien against Debtor's Ada county real property .[4]  Docket No. 60.  On August 7, 2009, Debtor's bankruptcy counsel informed Thompson by letter that her

---

[4] While the parties did not include copies, the Court infers that the judgments were in fact recorded, as Thompson refers to them in a letter to the Court dated December 3, 2009.  Docket No. 60.  The record does not show how the judgments came to be recorded.  Even so, the Court suspects Thompson played a role in this activity.

MEMORANDUM OF DECISION - 4

actions after July 2, 2009 violated the automatic stay.[5] Docket No. 39, Ex. D.

On October 23, 2009, Debtor filed the motion to recover actual and punitive damages from Thompson for violating the automatic stay. Thompson responded to the motion on November 20, 2009. Docket No. 53. On December 3, 2009, after the hearing on the motion, Thompson wrote the Court a letter in which she indicated that she had filed a "Motion to Discharge without prejudice" Debtor from the order and judgment entered in state court. Docket No. 59. In another letter to the Court dated December 10, Thompson indicated that Judge Wetherell entered an order discharging Debtor from the judgment, and the liens had been released. Docket No. 60.[6]

---

[5] It is unclear why Debtor's counsel utilized the July 2, 2009 date, as the petition was filed, and hence the case was commenced, on July 1, 2009.

[6] While copies of Thompson's letters to the Court were apparently sent to Debtor's bankruptcy counsel, corresponding with the presiding judge is certainly not the preferred method of bringing matters to the attention of the Court in a pending action. So that the record would include Thompson's letters, the Court directed that they be filed by the Clerk as part of the case docket.

MEMORANDUM OF DECISION - 5

*Analysis and Disposition*

The filing of a bankruptcy petition automatically stays most creditor collection actions against a debtor, and in particular, the continuation of pending legal proceedings against the debtor or property of the debtor's estate.[7] Here, Thompson's state court law suit against Debtor to collect legal fees from her was automatically stayed on July 1, 2009, the date Debtor filed her bankruptcy petition.

Actions taken in violation of the automatic stay are void. *Griffin v. Wardrobe (In re Wardrobe)*, 559 F.3d 932, 934 (9th Cir. 2009); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992); *In re Christensen*, 98.1 I.B.C.R. 15, 15 (Bankr. D. Idaho 1998).  Moreover, a debtor

---

[7] Specifically, under § 362(a)(1), the automatic stay prohibits:
the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
In addition, § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate."

MEMORANDUM OF DECISION - 6

may recover damages from a creditor if a stay violation was willful.  11

U.S.C. § 362(k);[8] *Sternberg v. Johnston*, 582 F.3d 1114, 1116 (9th Cir. 2009); *In

re Dayley*, 06.1 I.B.C.R. 3, 4 (Bankr. D. Idaho 2006).

Debtor alleges that Thompson's postpetition acts in connection with

the pending state court action were willful violations of the stay, and that

she has been damaged as a result.  Thompson contends that she did not

violate the automatic stay, because her actions were prior to or

contemporaneous with the filing of the petition, and because she never

sought to enforce the judgment against Debtor.

A.  Did Thompson Violate the Automatic Stay?

The Court finds that Thompson took several actions after Debtor

filed her bankruptcy petition and the automatic stay was in place.   First,

she admits she sent a letter to Judge Wetherell, seeking entry of an order

and judgment in her favor against Debtor.  This act clearly violated the

---

[8] With exceptions not applicable here, § 362(k)(1) provides that "an individual injured by any willful violation of [the § 362(a) stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

MEMORANDUM OF DECISION - 7

stay.

Next, while Thompson apparently promptly called the judge's clerk to inform her of the filing of the bankruptcy petition, Thompson did nothing else to ensure that the state action proceeded no further. This was also a problem. The Ninth Circuit Court of Appeals has unambiguously held that § 362(a) imposes an "affirmative duty" on a collecting creditor to discontinue any legal action once it learns of the bankruptcy filing. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191-92 (9th Cir. 2003). However, the court has made clear that the creditor's duty extends further: a party that has violated the stay must do whatever is necessary to remedy a stay violation. *Sternberg*, 582 F.3d at 1121. In addition, Thompson's duty required her to see to it that the state court action halted, because "[t]he maintenance of an active collection action alone adequately satisfies the statutory prohibition against 'continuation' of judicial actions." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

Thompson acted properly to inform the state court about the bankruptcy. However, Thompson was told that her letter of July 7, 2009

MEMORANDUM OF DECISION - 8

had been received, and that the order was being processed. Knowing this, Thompson had a duty to do more. Instead, she took no further action to stop the legal process, electing to leave matters alone. Without taking any further action, Thompson failed to satisfy her affirmative duty to ensure the automatic stay was respected.

Moreover, when the order and judgment were entered in the state court action, Thompson took no affirmative steps to have that judgment set aside. This approach falls short of the Ninth Circuit's standard that a "party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362[k]". *Eskanos & Adler*, 309 F.3d at 1214; *In re Daniels*, 04.4 I.B.C.R. at 155. Thompson further violated the automatic stay by allowing the judgment to be recorded as a lien against Debtor's property.[9]

Although Thompson was specifically made aware of her stay

---

[9] As noted above, § 362(a)(4) prohibits "any act to create, perfect or enforce a lien against the property of the estate." *In re Conceicao*, 331 B.R. 885, 893-94 (9th Cir. BAP 2005).

MEMORANDUM OF DECISION - 9

Case 09-01921-JDP   Doc 66   Filed 02/02/10   Entered 02/02/10 10:29:00   Desc Main
Document     Page 10 of 16

violation by letter from Debtor's counsel dated August 7, 2009, and

through the filing of Debtor's motion on October 23, Thompson did not

seek to have Debtor discharged from the state court's order and judgment,

nor did Thompson release Debtor's property from the liens, until

December 3, 2009, after the hearing on the instant motion.  This is an

unacceptable response to Thompson's knowledge that Debtor had filed a

bankruptcy petition.[10]

### B.  Were Thompson's Stay Violations Willful?

A violation of the automatic stay is willful if the creditor acted with

knowledge of the automatic stay, and those actions were intentional.

*Eskanos & Adler*, 309 F.3d at 1215; *Ozenne v. Bendon (In re Ozenne)*, 337 B.R.

214, 220 (9th Cir. BAP 2006); *In re Wiersma*, 03.1 I.B.C.R. 42, 44 (Bankr. D.

Idaho 2003).  "Knowledge of the bankruptcy filing is the legal equivalent

---

[10] In *Eskanos & Adler*, the court concluded that "Eskanos demonstrated no indication that it was attempting to move expeditiously to cure the automatic stay violation." *Id.* at 1215.  In that case, the creditor had waited 23 days to act to dismiss the state court collection action against the debtor.  Because here Thompson waited much longer to act to remedy her stay violations, the Court also confidently finds that the creditor did not move expeditiously to cure the violations.

MEMORANDUM OF DECISION - 10

of knowledge of the automatic stay." *In re Ozenne,* 337 B.R. at 220 (citing *In re Ramirez*, 183 B.R. 583, 589 (9th Cir. BAP 1995)).

Thompson alleges she sent the letter to Judge Wetherell seeking entry of a judgment on July 7, before she received the 341 notice and knew Debtor had filed for bankruptcy. Indeed, she testified in her affidavit that she mailed the letter and received notice of the bankruptcy filing on the same day. Since there is insufficient proof to the contrary, the Court assumes Thompson lacked knowledge of the bankruptcy at the time she mailed the letter to Judge Wetherell.[11]

All of Thompson's other acts were intentional and therefore willful. After learning of Debtor's bankruptcy filing, Thompson elected to take no formal action to dismiss the state court law suit against Debtor, nor even to

---

[11] Obviously, Thompson's version of the facts is fraught with problems. The letter to the state court judge is dated and was presumably sent on July 7. However, Thompson testified that when she became aware of Debtor's bankruptcy filing, she called the state court clerk the same day. The clerk informed her that Thompson's letter had been received and was being processed. It is highly doubtful that Thompson's letter to the judge was mailed and received by the state court on the same day. Even so, for present purposes, the Court gives Thompson the benefit of the doubt that she learned of the bankruptcy filing after the letter was mailed.

MEMORANDUM OF DECISION - 11

stop the "processing" of her request for entry of a judgment against

Debtor.  Though she was aware that a judgment was entered, and

apparently caused the judgment to be recorded in several counties,

Thompson did nothing to have the judgment set aside and liens released

until after Debtor took legal action against her in this Court.

C.  Damages.

Once a court determines that a willful violation of the automatic stay

has occurred, an award of actual damages is mandatory.  *In re Wiersma*,

03.1 I.B.C.R. at 44.  However, the amount of actual damages must be

proven.  *Id.* (citing *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113,

116 (9th Cir. 1992); *In re Roman*, 283 B.R. 1, 8 (9th Cir. BAP 2002)).  Debtor

bears the burden of such proof.  *In re Daniels*, 04.4 I.B.C.R. at 157 (citing *In

re Jacobson*, 03.2 I.B.C.R. 119, 121 (Bankr. D. Idaho 2003)).

Debtor seeks actual damages in the amount of $500.  Debtor

contends she has incurred actual damages for:

> time spent reviewing statements, providing them
> to her counsel, and phone conversations with
> Thompson and her counsel.  She has further
> actual damages in the time spent pursuing this

MEMORANDUM OF DECISION - 12

> Motion, attorney fees, and the emotional distress
> of facing vindictive and vituperative collection
> attempts from Thompson.

Document No. 39.

Debtor did not testify at the hearing, nor did her counsel. Indeed, the record contains no affidavits or other proof addressing Debtor's losses or expenses. The record supports the inference that at some point, when Debtor became aware of the entry of the state court judgment against her, she conferred with her counsel, who wrote a letter to Thompson to advise her of the stay violations and demand that she cease her activities. Debtor's counsel also filed the instant motion, briefed the issues, and he attended the December 1, 2009 hearing.

The burden rests squarely with Debtor to prove her actual damages, and the Court can not speculate as to the amount of costs and fees incurred. *See In re Risner*, 04.4 I.B.C.R. 172, 174-175 (Bankr. D. Idaho 2004) ("The *actual* time spent must be established, through competent evidence in each case and *viz* each creditor alleged to have violated § 362(a), and that time and the fees charged must be shown to be reasonable")

MEMORANDUM OF DECISION - 13

(emphasis in original).  However, in this case, the Court can, based upon

its experience, estimate the legal fees incurred by Debtor to remedy

Thompson's stay violations based upon pleadings in the record and the

time spent by counsel during the hearing.  The Court concludes Debtor

incurred $2,100[12] in legal costs to obtain relief from the state court

judgment and liens.[13]

---

[12] The Court estimates that 12 hours of attorney time was reasonably expended by Debtor's counsel in dealing with Thompson's stay violations, including consulting with Debtor, and filing, briefing and attending the hearing on the motion.  The Court values counsel's time at $175 per hour, which the Court finds to be a reasonable rate for the services provided in this case .

[13] While § 362(k) provides that an individual harmed by a willful stay violation may recover "actual damages, including costs and attorney's fees" from the violator, in *Sternberg*, 582 F.3d at 1123-1124, the Ninth Circuit recently held that not all of the legal costs incurred by a debtor in prosecuting the action against a violating creditor are recoverable.  The Court stated that, in assessing damages, the Court must compensate the debtor for "the injury resulting from the stay violation itself.  Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1)." *Id*. at 1123.  Instead, as to legal fees, in awarding damages for a stay violation, the Court should focus on "which fees are properly allocable to efforts to enforce the automatic stay and prevent enforcement of the state court order that violated the stay." *Id*. at 1124.  Here, Thompson did not properly act to remedy her stay violations until after Debtor sought relief through this motion.  Therefore, all of Debtor's attorneys fees are allocable to her efforts to obtain relief from the offensive state court judgment and liens.

MEMORANDUM OF DECISION - 14

Case 09-01921-JDP   Doc 66   Filed 02/02/10   Entered 02/02/10 10:29:00   Desc Main
Document   Page 15 of 16

In addition, Debtor seeks damages for emotional distress caused by Thompson's violation of the automatic stay. In order to qualify for such damages, a debtor must "(1) establish that he suffered significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from anxiety and pressures inherent in the bankruptcy process)." *In re Gorringe*, 348 B.R. 789, 794 (Bankr.D.Idaho 2006) (quoting *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1148 (9th Cir. 2004).

The record before the Court contains no persuasive evidence to support Debtor's claim for emotional distress damages, and falls well short of the mark. Accordingly, the Court awards no damages for emotional distress.

While Thompson is an attorney and presumably she should appreciate her duty to properly react to a bankruptcy filing by Debtor, the Court declines the opportunity to impose punitive damages in this case. While Thompson's actions are regrettable, based upon her post-hearing

MEMORANDUM OF DECISION - 15

actions to set aside the judgment and release the liens, the Court is inclined

to believe she now understands the scope and impact of the automatic stay

such that she will more pro-actively respond to her future encounters with

debtors in bankruptcy cases.

### *Conclusion*

The Court concludes that Thompson willfully violated the automatic

stay. Debtor incurred significant legal expenses as actual damages to

remedy the stay violation. A separate order will therefore be entered

granting Debtor's motion and awarding her $2,100 in actual damages, and

denying Debtor's request for additional damages, including her request

for emotional distress or punitive damages under § 362(k).

Dated:  February 2, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16